UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE MURRELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> PENNSYLVANIA STATE EMPLOYEES CREDIT UNION, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:20-CV-0024 <br><br> (MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a *pro se* civil rights action, initiated upon the filing of the original Complaint in this matter by prisoner-Plaintiff Lawrence Murrell, Jr. ("Murrell") on January 7, 2020. (Doc. 1). Along with his Complaint, Murrell filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which this Court granted on April 13, 2020. (Doc. 13). Murrell is incarcerated at the State Correction Institution at Albion ("SCI-Albion") in Erie County, Pennsylvania. (Doc. 1, at 2; Doc. 29, at 1).

In his Complaint, Murrell asserts a variety of claims under 42 U.S.C. § 1983, as well as state law claims of slander and defamation, arising from the testimony one Defendant gave during the course of Murrell's criminal trial. (Doc. 1, at 3-5). The trial resulted in a conviction that was subsequently vacated upon issuance of a writ of *habeas corpus*. (Doc. 1, at 3-5). Murrell brings claims against the Pennsylvania State Employees Credit Union (the "Credit Union"), Credit Union Investigator Susan Krause ("Krause"), and Credit Union President George Rudolph ("Rudolph"). (Doc. 1, at 2-3). All Defendants have entered their appearances in this matter through counsel and all parties have consented to the undersigned's jurisdiction to handle proceedings in this matter. (Doc. 26). Now pending before the Court is

Defendants' Motion to Dismiss filed on June 12, 2020. (Doc. 21). The motion has been fully briefed and is ripe for disposition. (Doc. 25; Doc. 28; Doc. 30).

I. **BACKGROUND**

Murrell's Complaint alleges that Defendants provided perjured testimony as willful participants in joint action with the State, and in so doing deprived him of his due process right to a fair trial under the Fourteenth Amendment. (Doc. 1, at 3-4). According to Murrell's Complaint, his convictions for murder in the first degree, conspiracy to commit murder in the first degree, and abuse of a corpse were invalidated and vacated on January 23, 2018.[1] (Doc. 1, at 13, 32). One reason the convictions were vacated was because Defendant Krause knowingly, willingly, and deliberately committed perjury. (Doc. 1, at 13). Defendant Krause, the bank investigator, allegedly stated that Murrell was a member of a "fraudulent" loan scheme, and the prosecutor "took full advantage of this perjured testimony." (Doc. 1, at 14). Her perjured testimony was allegedly relied on heavily by the Commonwealth and led the jury to believe Murrell had a motive to commit first degree murder. (Doc. 1, at 13). According to the Complaint, "the motive was alleged at trial to be [Credit Union] money obtained through 'fraudulent' loans, [Credit Union's] bank investigator, [Krause,] explicitly stated 'Murrell' committed 'Fraud.'" (Doc. 1, at 14).

Murrell submits that in overturning his conviction, the court held Krause's testimony to be prejudicial.[2] (Doc. 1, at 13, 62). Murrell imputes supervisory liability for Krause's actions

---

[1] Plaintiff was originally convicted under CP-22-CR-0005102-2006.

[2] Murrell alleges that after his initial convictions were vacated, he was charged with murder in the third degree as well as conspiracy to commit murder in the third degree. (Doc. 1, at 16). The perjured testimony allegedly influenced him to plead guilty to these charges, even though he claims innocence. (Doc. 1, at 16). In his Brief in Opposition, Murrell clarifies that no claim arises from this guilty plea; indeed, any claim arising from this guilty plea is

onto Defendant Credit Union and Defendant Rudolph, the President of the Credit Union. (Doc. 1, at 27-28).

The allegations outlined above give rise to Murrell's suit under § 1983 and the Fourteenth Amendment. (Doc. 1, at 27). For relief, Murrell seeks compensatory damages and injunctive relief. (Doc. 1, at 29).

## II.   DISCUSSION

### A.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and

---

*Heck*-barred because there has been no invalidation of this conviction. (Doc. 28, at 2); *see Heck v. Humphrey*, 512 U.S. 477 (1994).

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. <u>Plaintiff fails to satisfy the requirements of 42 U.S.C. § 1983.</u>

Murrell brings his claims pursuant to 42 U.S.C. § 1983. (Doc. 1, at 1, 12-13, 27). Section 1983 provides a private cause of action with respect to violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir.2009). To show that a defendant acted under color of state law, the plaintiff must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health Systems, Inc.*, 271 F.3d 165, 169 n. 1 (3d Cir. 2004). The "ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Banks, including state employee credit unions, are not "state actors" for § 1983 purposes. *Bailey v. Harleysville National Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006); *Hauschild v. Nielsen*, 325 F. Supp. 2d 995, 1003-05 (D. Neb. 2004) (finding state employees credit union not a state actor).

Murrell asserts that Defendants acted under color of state law by being willful participants in a joint action with the state or its agents. (Doc. 1, at 4). He alleges that Defendants conspired with the Dauphin County District Attorney to provide the perjured testimony, thereby depriving him of his rights. (Doc. 1, at 3-4). The Third Circuit Court of

Appeals has held that private actors may be found to act under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal citations omitted). This avenue to § 1983 liability is overridden, however, by the law that a witness may not be held liable for damages arising from the testimony he or she gives in a judicial proceeding.

The Supreme Court of the United States has established that "§ 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding." *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). The reasons for this are two-fold. First, a private party that gives testimony in open court during a criminal trial does not generally act "under color of law." *Briscoe*, 460 U.S. at 329-30. The Court noted that "it is conceivable, however, that nongovernmental witnesses could act 'under color of law' by conspiring with the prosecutor or other state officials. It is therefore necessary to go beyond the 'color of law' analysis to consider whether private witnesses may ever be held liable for damages under § 1983." *Briscoe*, 460 U.S. at 330 n. 7. Furthering the analysis, the second reason a private party cannot be held liable for damages arising from testimony in a judicial proceeding is common-law immunity. *Briscoe,* 460 U.S. at 330. In writing § 1983, Congress was familiar with common-law principles and "likely intended these common-law principles to obtain, absent specific provisions to the contrary." *Briscoe,* 460 U.S. at 330. "Well established" among these common-law principles was "the immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings." *Briscoe,* 460 U.S. at 330-31. "The plaintiff could not

recover even if the witness knew the statements were false and made them with malice."[3]

*Briscoe,* 460 U.S. at 331-32.

Murrell's claims arise entirely from the testimony Krause gave during Murrell's judicial proceedings. (Doc. 1). The facts underlying Murrel's claims are:

> Federal Judge William W. Caldwell granted habeas corpus; citing Defendants lied; perjury committed against Plaintiff in a circumstantial murder trial [Credit Union] conduct/conspiracy with Dauphin County District Attorney's Office created a perjured motive for Plaintiff to kill; Judge stated motive is key in a circumstantial murder trial & [Credit Union] lied against the bank's own documents to convict Plaintiff; Bank stated at trial Plaintiff was in a fraudulent bank scheme; Judge Caldwell stated they lied and should have been impeached & Plaintiff would have been acquitted.

(Doc. 1, at 5).

Murrell's only allegation is that Krause provided perjured testimony and conspired with the Dauphin County District Attorney to provide perjured testimony.[4] (Doc. 1). Even if Krause "knew the statements were false and made them with malice," she cannot be held liable. *See Briscoe,* 460 U.S. at 331-32. As a witness, she is absolutely immune from damages liability for the testimony she gave in the judicial proceeding.[5] *See Briscoe,* 460 U.S. at 330-31.

---

[3] The reason for this immunity is the common-law view that "the claims of the individual must yield to the dictates of public policy," prioritizing the value of unfettered testimony. *Briscoe,* 460 U.S. at 332-33 (internal quote omitted). "A witness who knows that he might be forced to defend a subsequent lawsuit, and perhaps to pay damages, might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence." *Briscoe,* 460 U.S. at 333.

[4] The Third Circuit has clarified that "if persons are immune from Section 1983 liability for their acts by virtue of their function in the judicial process, they must be immune from Section 1983 liability for conspiring to do those acts." *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir. 1992).

[5] As such, Murrell's claims of supervisory liability against the other Defendants must also fail. (Doc. 1, at 27-28); *see Kalomiris v. Monroe County Syndicate,* 2009 WL 73785, at *8 (M.D. Pa. 2009) (explaining that when claims against an attorney are barred due to

For the aforementioned reasons, Murrell's claims brought pursuant to § 1983 are **DISMISSED WITH PREJUDICE.**

### C. Remaining State Law Negligence Claims

Liberally construing his Complaint, Murrell also asserts state law claims of defamation and slander. (Doc. 1, at 29). Where a District Court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Whether a court exercises supplemental jurisdiction is within its own discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). A court's decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n. 7. Therefore, Murrell's state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

### D. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002).

---

prosecutorial immunity, the supervisory claim against the District Attorney who oversaw the attorney also fails).

The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Ruffin v. Mooney*, No. 3:16-1987, 2017 WL 3390361, at *2 (M.D. Pa. Jan. 31, 2017) (dismissing prisoner-plaintiff's case without prejudice where it was unclear whether he was seeking relief under § 1983 or a habeas statute).

Because the entirety of Murrell's action is grounded in conduct for which the Defendants are immune, granting leave to amend would be futile. To survive dismissal, Murrell would have to allege an entirely new and different cause of action. As such, leave to amend shall not be granted.

### III.  CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED**. (Doc. 21). Murrell's federal claims are **DISMISSED WITH PREJUDICE** and his state law claims **DISMISSED WITHOUT PREJUDICE** to them being brought in state court. The Clerk of Court is directed to close this case.

An appropriate Order follows.

BY THE COURT:

Dated: November 16, 2020

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**